UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN COHEN,**

    **Plaintiff,**

v.

**INFOR (US), INC., a Foreign Profit Company,**

    **Defendant.**

_____/

CASE NO.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff ALLEN COHEN ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant INFOR (US), INC., a Foreign Profit Corporation ("Defendant"), and states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.* ("ADEA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA") and the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled

including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of his medical condition.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against him.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA, 28 U.S.C. §1331 with federal questions involving the ADEA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendants in Hillsborough County, Florida.

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Hillsborough County, Florida.

6. Plaintiff is protected by Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.

7. Plaintiff is protected by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.*

8. Plaintiff is protected by the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq.*

9. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. After investigating Plaintiff's Charge of Discrimination, the EEOC issued a right-to-sue letter and it was a received on August 24, 2020.

11. Therefore this Complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## PARTIES

12. At all times pertinent hereto, Plaintiff, ALLEN COHEN, has been a resident of the State of Florida and was employed by Defendant, as a Director of Sales, beginning in approximately from October 2007 to June 3, 2019. Plaintiff is a member of protected class because of his age (over 40) and because of his disability and/or perceived disability.

13. Defendant, a Foreign Profit Corporation, was, and continues to be a Foreign Profit Corporation providing business cloud software products for companies in industry specific markets. Specifically, Defendant operates one of its branches from 1410 N. Westshore Blvd., Suite 505, Tampa, FL 33607 and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

14. Defendants were an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

15. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FCRA, FMLA, ADA and ADEA.

16. At all times material to this action, Defendants were, and continues to be an

"employer" within the meaning of the FCRA, FMLA, ADA and ADEA.

17. Defendants are an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

18. At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within a 75 mile radius.

19. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him taking leave which would be protected pursuant to the FMLA.

## GENERAL ALLEGATIONS

20. At During and throughout 2018, Plaintiff began experiencing chest tightness and high blood pressure.

21. After a series of appointments, medical exams and tests with his treating physicians, it was determined that Plaintiff would need to undergo a heart bypass surgery which was scheduled to take place in November of 2018.

22. On October of 2018, Plaintiff informed, HR Manager, Michelle Marcelo, and his newly appointed General Manager, Margaret Moran, of his intent to use FMLA for 12 weeks to undergo surgery and recover from same.

23. Plaintiff's request was approved by the Company's third-party leave administrator, the Hartford, from November 15, 2019 until February 6, 2019.

24. Notably, weeks before his surgery, Ms. Moran had a conversation with Plaintiff in his office where Ms. Moran asked Plaintiff whether he planned on retiring several times and further stated "you know I can get you a severance package if you plan on retiring."

25. Plaintiff was offended by Ms. Moran's (age late 50's/early 60's) assertion that he should retire due to his health and age (73 years old).

26. Despite his age and/or health, Plaintiff was still performing his position at a high-level and intended to work with the Company for, at a minimum, an additional five years.

27. Thereafter, Plaintiff's recovery from his surgery suffered a few routine setbacks and his cardiologists recommended that his leave be extended until April 1, 2019. This request was also granted by the Company.

28. Upon his return on April 1, 2019, Plaintiff learned Ms. Moran had assumed his position and duties as the VP of Sales in his absence. Essentially, Plaintiff was completely phased out and suffered a substantive demotion by having all of his duties and authority stripped from him.

29. Despite being back in stable health and capable of performing all of the essential functions of his position as VP of Sales, Plaintiff's role/responsibilities with the Company were greatly diminished by Ms. Moran.

30. Plaintiff was no longer able to freely operate as he previously did in order to drive sales growth and Ms. Moran refused to allow him to perform a wide-range of duties which he was accustomed to performing.

31. After being stripped of all relevant prior responsibilities in what was a *de facto* demotion, Plaintiff frequently questioned whether the Company and Ms. Moran were ever going to allow him to return to his former position/responsibilities.

32. At this stage, it was clear to Plaintiff that the Company and Ms. Moran were treating him and/or perceived him as being disabled or unable to perform his duties despite the fact that he had no limitations whatsoever.

33. After his return, another conversation with George Morris, a Senior Account Executive, took place where he also repeatedly asked Plaintiff whether he intended to retire.

34. Plaintiff responded that he had no intent to do so because he enjoyed his work, was able to do his work well and expressed his intent to continue doing his job for years to come.

35. In response to this and Ms. Moran's assumption of Plaintiff's duties, about a month or so later, on June 6, 2019, Plaintiff was terminated (approximately two months after his return to work from ADA/FMLA leave).

36. As noted above, during his termination meeting, Ms. Moran in the presence of Randy Lott, said several times that Plaintiff's termination had nothing to do with performance, but was part of reorganization.

37. However, Plaintiff was the oldest member of AMSI division and he was also the only member of the AMSI division who was "reorganized" out of a job.

38. Ms. Moran (approximate age 50-60) and Mr. Lott (early 50's) were also VP's in the AMSI division, but they remained employed and it was Ms. Moran, a demonstrably younger employee, who replaced Plaintiff permanently.

39. Indeed, the VP of Asset Management, Mark Board (early 40's), was retained and reassigned to a new role as the VP of Manufacturing instead of being terminated like Plaintiff was.

40. Notably, none of the above comparators also had recently been on any type of medical leave or had any known/perceived disabilities like Plaintiff did as well.

## COUNT I
## FMLA INTERFERENCE

41. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

42. Plaintiff was an employee entitled to the protection of the FMLA.

43. Defendant was Plaintiff's employer as defined by the FMLA.

44. Defendant's actions interfered with Plaintiff's lawful exercise of his rights under the FMLA.

45. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by demoting him and terminating his employment.

46. The Defendant's actions constitute violations of the FMLA.

47. Defendant's violations of the FMLA were willful.

48. As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost

wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

49. Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Liquidated damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT II - FMLA RETALIATION

50. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

51. Plaintiff was an employee entitled to the protection of the FMLA.

52. Defendant was Plaintiff's employer as defined by the FMLA.

53. Defendant discriminated and/or retaliated against Plaintiff for asserting his Rights under the FMLA.

54. Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct directed towards Plaintiff.

55. Defendant's actions constitute violations of the FMLA.

56. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

57. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

58. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

59. As a result of Defendant's actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

60. Defendants' violations of the FMLA were willful.

61. Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Liquidated damages;

   f. Injunctive relief;

   g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT III –DISCRIMINATION UNDER THE ADAAA

62. Plaintiff realleges and adopts the allegations of paragraphs 1-40 above as if fully set forth herein.

63. Plaintiff was a qualified individual with a disability.

64. Plaintiff was perceived as disabled by Defendant.

65. Defendant was Plaintiff's employer as defined by the ADAAA.

66. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

67. Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his actual and/or perceived disability.

68. Defendant had actual or constructive knowledge of the discriminatory conduct.

69. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

70. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

71. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the ADAAA were willful.

73. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendants' practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

74. Paragraphs 1-40 are re-alleged and incorporated herein by reference.

75. Defendant is an employer as that term is used under the applicable statutes referenced above.

76. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes and 42 U.S.C. 12101, *et seq*.

77. The foregoing unlawful actions by Defendant were purposeful.

78. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

79. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, back pay, front pay, punitive damages, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## COUNT V
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

80. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-40.

81. Plaintiff is a member of a protected class due to his disability/handicap or perceived disability/handicap.

82. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his disability/handicap or perceived disability/handicap in violation of the FCRA.

83. Defendant knew or should have known of the discrimination.

84. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION BASED ON DISABILITY UNDER THE FCRA

85. Paragraphs 1-40 are re-alleged and incorporated herein by reference.

86. Defendant is an employer as that term is used under the applicable statutes referenced above.

87. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes.

88. The foregoing unlawful actions by Defendant were purposeful.

89. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment in the form of disability discrimination with Defendant and was the victim of retaliation thereafter, as related in part above.

90. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, back pay and front pay, punitive damages and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## COUNT VII
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

91. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–40 above.

92. Plaintiff is a member of a protected class because Plaintiff is over forty years old.

93. At all relevant times throughout his employment, Plaintiff was qualified for the position he held with Defendant.

94. After Plaintiff's termination, Plaintiff was replaced by a younger employee(s).

95. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

96. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

97. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, back pay and front pay damages, punitive damages, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT VIII
### RETALIATION IN VIOLATION OF THE ADEA

98. Paragraphs 1-40 are re-alleged and incorporated herein by reference.

99. Defendant is an employer as that term is used under the applicable statutes referenced above.

100. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes and 29 U.S.C. § 626 *et seq*.

101. The foregoing unlawful actions by Defendant were purposeful.

102. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

103. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, back and front pay damages, punitive damages and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief

## COUNT IX
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA

104. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40.

105. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the Florida Civil Rights Act.

106. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his age (73 years old) at the time of his termination.

107. Plaintiff was treated less favorably than other similarly-situated younger Administrators of Defendant in Florida and in comparison to other employees in similar circumstances who were younger than Plaintiff both in the terms and conditions of his employment as well as with respect to his termination of employment.

108. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws.

109. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff ALLEN COHEN prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Punitive damages;

h. Costs and attorney's fees; and

Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 18th day of November, 2020.

                    **s/ Gregory R. Schmitz**
                    Gregory R. Schmitz
                    Florida Bar No.: 94694
                    Morgan & Morgan, P.A.
                    20 N. Orange Ave., 14th Floor
                    P.O. Box 4979
                    Orlando, FL 32802-4979
                    Direct Tel.:   (407) 418 2079
                    Facsimile:    (407) 245-3390
                    Email: gschmitz@forthepeople.com
                    *Attorney for Plaintiff*